IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

DERRICK JACKSON,              :
                              :
                  Petitioner  :
                              :
VS.                           :
                              :     CIVIL ACTION NO.: 5:07-CV-117 (CAR)
BUTCH REESE,[1]               :
                              :
                  Respondent  :
                              :
_____ :

# O R D E R

Petitioner **DERRICK JOHNSON**, a pretrial detainee at the Jones County Jail in Gray, Georgia, has filed a petition for writ of habeas corpus under 28 U.S.C. §2241. Petitioner has not paid the $5.00 filing fee; nor has he petitioned the Court to proceed *in forma pauperis*. However, because petitioner has not paid the filing fee, the Court will assume he wishes to proceed *in forma pauperis* and will allow his to proceed as such.

According to his submissions, petitioner was arrested and charged with "one count of identity fraud." Petitioner alleges that he remains in jail because the judge refuses to set bond. Petitioner requests that this Court "fix bond."

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides in relevant part:

> The original [habeas corpus] petition shall be presented promptly to a judge of the district        court in accordance with the procedure of the court for the assignment of its business. The petition shall be examined promptly by the judge to whom it is assigned. **If it plainly appears from the face of the petition and any exhibits annexed to**

---

[1]Petitioner named the State of Georgia as respondent. However, pursuant to Habeas Corpus Rule 2, the correct respondent is the "state officer who has custody" of petitioner. In this case, Jones County Sheriff Butch Reese would be the correct respondent.

> **it that the petitioner is not entitled to relief in the district court, the judge <u>shall</u> make an order for its summary dismissal and cause the petitioner to be notified.** (emphasis added)

Upon initial review of the petition filed herein, it clearly appears from the face of the petition that the petitioner has <u>not</u> exhausted state remedies available to him. According to petitioner's submissions, he has not yet presented his claims to the appropriate state court.

It has been well-settled for over a century that "a state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (citing *Ex Parte Royall*, 117 U.S. 24l (1886)); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489-92, (1973) (exhaustion is necessary under § 2241 as well as § 2254); *Thomas v. Crosby*, 371 F.3d 782, 812 (11th Cir. 2004) ("Among the most fundamental common law requirements of section 2241 is that petitioners must first exhaust their state court remedies."). This exhaustion requirement has been codified in 28 U.S.C. § 2254 (b)-(c). The exhaustion requirement reflects a policy of comity between state and federal courts and is "an accommodation of our federal system designed to give the State an initial 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Wilwording v. Swenson*, 404 U.S. 249, 250 (1971) (quoting *Fay v. Noia*, 372 U.S. 391, 438 (1963)). Moreover, "[a] state shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the state, through counsel, expressly waives the requirement." 28 U.S.C. § 2254(b)(3). The State of Georgia has a stated policy of <u>not</u> waiving exhaustion.

Under the above circumstances, the petitioner cannot proceed in federal court with a habeas corpus petition at this time. He must first exhaust his remedies in the state courts. Once he has completed all avenues available to him in the state courts, he will then be permitted to return to federal court. Accordingly, the instant petition is hereby **DISMISSED WITHOUT PREJUDICE**

to the right of the petitioner to refile once he has afforded the state courts an opportunity to review

his grounds for relief.

**SO ORDERED**, this 11th day of April, 2007.


S/ C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE


lnb